Good morning. May it please the Court, my name is Christopher H. Fitzgerald. I represent the Plaintiff Appellant in this matter. Before the Court today is the issue of whether the District Court made improper findings of fact that were adverse to the Plaintiff Appellant when granting summary judgment on the basis of qualified immunity to the defendant appellee. The District Court decision and the appellee's repeatedly mischaracterize the confrontation between my client and the defendant appellee as a fight when the record clearly contradicts this assertion. There are multiple factors that lead to this conclusion that are in the record. The most egregious mistake that the District Court made was in finding that both men involved in this confrontation were visibly injured. That assertion itself is contradicted by the defendant appellee in her own deposition testimony. Is it necessary that people be visibly injured because Mr. King, who is the bigger guy in this fracas, told an officer that he was suffering back pain? Now, you don't see back pain. That's a great question. If somebody reports back pain, why can't an officer consider that that's an injury? They certainly can. It's as you know, the probable cause determination is within the totality of the circumstances. That can be a factor. But the reason why it is such a critical error is that the Court itself leaned on these facts and italicized the phrase multiple times that both men were injured. And in finding qualified immunity, really relied on this misapprehension of the record. The other factors that really favor our position are the fact that there was a 911 call that generated a sprint report that the officers were aware of, which said that a supervisor was assaulted by a subordinate. The officers were aware of this as they came to the scene. There were at least four eyewitnesses and probably more that Officer Francis testified were present at the time. She claims that she didn't speak to any of them, but she does concede that they were present. Mr. Acovello, by all accounts, was visibly injured and, in fact, was being treated by EMS at the time of his arrest. Mr. King, and this is an important factor, the size differential is important. Mr. King is about 6'2 and 250 pounds. Mr. Acovello is 5'3 and 130 pounds. There were a lot of feisty people who were small. That's fair, Judge. But it is a factor in this analysis. And I would urge the Court to adopt the reasoning in an Eighth Circuit case called Kuhl v. Burtis, that is 173F3-646. I have referred to it in my brief. It is virtually on all fours factually and legally with this case. In that case, there was an assault. The police were called. The victim of the assault ends up getting arrested. And the officer, in failing to do an investigation, in ignoring plainly exculpatory facts, violated the constitutional rights of the plaintiff in that case. When the police come on the scene and there's been a fist fight and both people claim the other is the aggressor, how does a cop know he's arresting the victim? That's exactly right, Judge. There was no fight. That's the most important part of this thing, and that's the most objectionable part of the decision, is that the district court repeatedly characterizes this confrontation as a fight. And I believe I made it clear that this is an erroneous proposition. Didn't your client claim he was injured? My client did, yes. He's the victim of the assault. So there was an assault, but there wasn't a fight? Yes, Judge. I mean, the way, at least in context, the way it is presented is that there were two men who got into a fist fight with each other as if at a bar or in a boxing match. That's not the case here. In a boxing match, there's consent. So let's keep to the bar. Well, no, that's exactly the point, Judge. There's not mutual combat. This is a supervisor who's standing by his desk who's half the size of his assailant and has grabbed her on the neck and dragged her over the desk in a room full of people. Now, the other thing that makes the arrest so baffling is that there were plenty of people who saw this. This happened in front of a room full of people. And according to Officer Francis, she didn't talk to any of them. According to my client, there was at least one person who said, no, look, the big guy assaulted the little guy. So, you know, under those facts, I believe that the arrest has to be found to be objectively unreasonable. And thus, qualified immunity is inappropriate here. Just one quick point. I'd like to take issue with a couple of things in the appellee's brief that I didn't emphasize enough in my reply brief. One is that page one on the appellee's brief, the situation is described as an emergent one. That is inaccurate. There's plenty of time to do a proper investigation, and there are no exigencies here. The second on page nine is the characterization of the assailant, Walter King, as the, quote, putative victim. Again, under the five or six factors that I mentioned, the idea that the assailant in this case is a victim is just not borne out by any factual record. Again, the characterization of this being a fight, as in a mutual combat, is erroneous. And finally, I think most egregiously on page 16, the appellee's brief insists that King had reported that he had been assaulted. Now, this is flatly contradicted by his own deposition testimony. He never said he was assaulted. He said there was a confrontation and we grabbed each other. And he was asked straight out, did you say anything else? Did you say you were assaulted? I disagree with that, Judge. When my client's being is right, the context we're talking about is hostile. Well, let's take what's in the record. My client is standing behind his desk. He is grabbed by the collar of his shirt by a man twice his size. He is then dragged over that desk. At some point, yes, he's probably grabbing the person that's dragging him to stabilize himself. That does not indicate that he is an assailant himself. He is the victim here. That's essentially the crux of what I have, Judge. Thank you. You've reserved a couple minutes for rebuttal. We'll hear you then. Good morning, Your Honors. Eric Lee for the appellees. I just have a couple of points first. First, I want to stress that, again, as the focus of the appellant's brief seems to be, this is not a case governed by Tolan, which he seems to want to argue, which is that the district court here made determinations of facts. In Tolan, that was about a scene that was observed by the officer, and the Supreme Court said in that case if there are different accounts on what the officer saw, you don't resolve it on summary judgment. That's correct. We don't dispute that. This is a situation where two different people gave conflicting accounts to an officer who arrived on scene. And so in that case, the district court was correct to say there are two different conflicting accounts and at the end of the day, the police officer made the reasonable decision to basically credit both accounts to the extent possible and arrested both men. I think it's crucially important to remember, Your Honors, that this is a case where there is no dispute that there was a physical incident. If the appellant doesn't want to use fight, that's fine. We can say physical incident. So the key differential here was that one person claimed, and taking the lights in favorable to him, supposedly four other people testified or handed handwritten accounts supporting his account, but you have another person, another punitive victim who said the fight was actually mutual. So this is not a case where the officer had any obligation to investigate any further. And, in fact, had the officer conducted any investigation, which the appellant seems to describe, you would still be left with two conflicting accounts. The district court held that there was arguable probable cause. Is that any different than saying that there's qualified immunity? Yeah. What is arguable probable cause? Well, the district court was saying that, I believe, referring to the standard that if reasonable officers disagree as to whether there's probable cause, there's qualified immunity. Yes, and certainly the appellees argued that at a minimum, the officer did have to arrest Mr. Iacobello. And, again, there was no objective evidence. There was no videotape. And certainly Iacobello had not pointed to anything that would definitively resolve the two accounts between Mr. King and Mr. Iacobello. Unless this panel has any further questions, we'd ask the Court to affirm. Why wouldn't any reasonable officer make inquiry of eyewitnesses all standing around waiting to talk to her? Well, again, the district court. I think that's the crux of what your adversary is saying. You know, you come in and you don't know what happened as a cop because you're not there. On the other hand, it's just witnesses are filling the room and you don't ask anybody. Is that something that any reasonable police officer would do? Well, so I just want to explain the facts. That's his argument. No, I understand, Your Honor. So the officer did testify that she did not speak to anybody else and no one else volunteered to speak to her. But the district ---- You know, the police usually don't wait for somebody to volunteer. They don't hesitate. They're not bashful. Yes, Your Honor. But, first of all, there's no obligation to. But, second of all, this the district court below took it as accepting ---- Why isn't there an obligation to? There's no obligation to. I come across an incident and there's a fight. Why am I justified in, and I don't know who the perpetrator was. I don't know what the precipitating cause of it was. Why isn't it my obligation to ask what happened before I arrest someone? Well, the officer did ask, first of all, both ---- did interview separately Mr. Icavalo and King. So this was not a situation where the officer said ---- All right. And this is a situation where one man said, well, he was the aggressor, the other one said the opposite story. You said the officers had no obligation to ask anybody else before arresting one of these two. And I'm just asking you to clarify that for me because I don't understand that. If I said that, I think I meant to say that the officers are not required to do further investigation once they have probable cause. And in this case they did. She spoke to both Mr. Icavalo and Mr. King. There's no obligation to act as this court has. How do I have probable cause if individual A says this person assaulted me and individual B says that person assaulted me? Where does probable cause arise in that circumstance? Well, actually what Mr. Icavalo said ---- Hypothetical. Where does probable cause arise in that circumstance? Well, probable cause happens in the circumstance that both people are saying a physical assault happened. They simply disagree who instigated it. That's a hypothetical. So where does probable cause emerge in that hypothetical? Probable cause for arrest for assault emerges because both people are saying they were assaulted. You're saying there's probable cause to arrest both of them. Correct. You have to say that because there's ---- But only one was arrested? No. Both men were arrested here. They were arrested. Yeah. Both men were arrested. And only Mr. Icavalo is the plaintiff here. So this was a situation where both men claimed there was no dispute, certainly from between their accounts, that there was a physical incident. And so the officer made the decision to arrest both men because she had probable cause to do so. Thank you. Thank you, Your Honor. We'll hear rebuttal. Thank you, Your Honor. Counsel's assertion that there's no objective evidence that Mr. Icavalo was assaulted is flatly contradicted by the evidence. He is injured. He is being treated for a bloody leg. There was no visible injury to his assailant. I don't see how that's not objective, in addition to the multitude of witnesses that are in the room with him. The other one said that his back was aching. I mean, it's just a question of, you know, you should see the other guy. You said visible. You used the word visible when the fact is true, but it doesn't have to be visible. Right. So the visibility of the injury was an error that was made by the court on Mr. King. So if we're moving on from the fact that we accept the fact that he was not visibly injured, we're then forced to accept counsel's proposition that Mr. King is a putative victim under the circumstances based solely on his apparent complaints that he was the assailant. Again, the facts in the record make this proposition absurd. He is twice the size of his victim. He is not visibly injured. And there are witnesses. And I think most importantly, if this can be considered objective, there's a radio run, and then on that is in the record, and further examination, you'll see that there for clarification. The clarification says supervisor assaulted by subordinate. So, you know, in the totality of the circumstances, the idea that there's probable cause to arrest Mr. Acovello, the victim, is not a reasonable one. Thank you. Thank you. Thank you both. We'll reserve decisions.